# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ANNA W. FELKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| v. ) | **5:12-cv-02812-AKK** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **ACTING COMMISSIONER OF** ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Anna Felkins brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the adverse decision of the Administrative Law Judge ("ALJ"), which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the ALJ's decision is supported by substantial evidence and he applied the correct legal standards. Thus, the court will **AFFIRM** the decision denying benefits.

### I. Procedural History

Felkins protectively filed her application for Title II disability insurance benefits on February 20, 2008, alleging a disability onset date of August 20, 2005,

(R. 124), due to the effects of chronic pain, reflex sympathetic dystrophy, shoulder impingement and high blood pressure, (R. 116). After the SSA denied her application on July 17, 2008, (R. 68-73), Felkins requested a hearing, (R. 77-78), and amended her alleged onset date to January 1, 2008, (R. 162-164). At the time of the hearing on May 4, 2010, Felkins was forty-eight years old and had a high school education with one year of college. (R. 42). Felkins had past relevant medium, unskilled, work as a rural mail carrier. (R. 29). Felkins has not engaged in substantial gainful activity since January 1, 2008, the amended alleged onset date. (R. 16).

The ALJ denied Felkins's claim on September 30, 2010, (R. 21–38), which became the final decision of the Commissioner when the Appeals Council refused to grant review on June 28, 2012, (R. 1-6). Felkins then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen,* 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if

supported by 'substantial evidence.'" *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id.* (citing *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin,* 849 F.2d at 1529 (quoting *Bloodsworth,* 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin,* 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb,* 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

> (1) whether the claimant is currently unemployed;
>
> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals one listed by the Secretary;
>
> (4) whether the claimant is unable to perform his or her past work; and
>
> (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart,* 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id.* However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. *See* 20 CFR §§ 404.1529 and 416.929; *Hale [v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987) ].

*Elam v. R.R. Ret. Bd.,* 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt,* 921 F.2d at 1223. Therefore, if a claimant testifies to

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

5

disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale,* 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id.*

### IV. The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Felkins had not engaged in substantial gainful activity since the alleged onset of her disability, and therefore met Step One. (R. 16). Next, the ALJ acknowledged that Felkins's severe impairments of reflex sympathetic dystrophy on the right and degenerative disc disease of the cervical spine met Step Two. *Id.* The ALJ then proceeded to the next step and found that Felkins did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 18). Although the

ALJ answered Step Three in the negative, consistent with the law, *see McDaniel,* 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Felkins "has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b). [Felkins] can stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. She can frequently use her right upper extremity to push and pull, and she can occasionally reach overhead and in all directions with the right upper extremity, but there is no limitation of the left upper extremity. [She] can occasionally climb ramps and stairs, stoop, crouch and balance. She cannot climb ladders, ropes or scaffolds." (R. 18). Based on this assessment of Felkins's RFC, the ALJ determined Felkins was unable to perform her past relevant work. (R. 29). Lastly, in Step Five, the ALJ considered Felkins's age, education, work experience, and RFC, and determined, based on the Medical Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, and on the testimony of a vocational expert ("VE"), that "there are jobs that exist in significant numbers in the national economy that [Felkins] can perform." (*Id*.). Because the ALJ answered Step Five in the negative, he determined that Felkins was not disabled. (R. 30).

## V. Analysis

The court now turns to Felkins's sole contention of error that the ALJ improperly applied the pain standard. At issue is the ALJ finding that Felkins's

"medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (R. 19). For the reasons state below, the court finds that the ALJ's decision to discredit Felkins's testimony is supported by substantial evidence.

Consistent with the law, the ALJ articulated two reasons for rejecting Felkins's pain testimony. First, the ALJ noted the existence of numerous inconsistencies in the record that detracted from Felkins's credibility. For example, the ALJ pointed out that Felkins testified that her pain had intensified since January 2008, (R. 44, 49), but also that she has had a consistent level of pain since 2005, (R. 52). Next, the ALJ noted that Felkins "alleged she could not bathe her back, get out of the tub, button clothing or lift a blouse over her head without assistance … [h]owever, [Felkins also] testified … she could take care of her personal needs and dress independently…" (R. 27). Additional inconsistencies noted by the ALJ included Felkins stating she experienced no side effects from her medication, (R. 121), yet later claimed that her medications made her "sleepy," (R. 137),[2] that she cooked meals – such as hamburger helper, baked chicken and sandwiches – five to six days a week and spent three to four hours a day doing housework, (R. 139), but later testified that she only spent "30 minutes, 45

---

[2] As the ALJ noted, Felkins also did not testify that her medications made her sleepy. (R. 27).

minute[, s]omething like that" cooking and cleaning daily, (R. 56), and that Felkins reported that she could no longer drive "at all," (R. 151, 154), yet testified that she drove to the doctor's office every four months, (R. 42). Based on this record, the court finds that the ALJ properly found that Felkins's multitude of conflicting statements detracted from Felkins's credibility. *See* 20 C.F.R. § 404.1529(c)(4) (The Commissioner "consider[s] whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence.").

Next, the ALJ rejected Felkins's pain testimony because the ALJ reasoned that medical evidence in the record conflicted with Felkins's subjective allegations. To support this finding the ALJ focused first on Felkins's treatment history, and noted initially that the year lapse from July 2008 to July 2009 in Felkins's treatment with Dr. Sheri Swader, (R. 27), diminished Felkins's credibility. This finding is not in error because "[a]n ALJ may rely on gaps in the medical record to draw the inference that a claimant would have secured more treatment had the impairment been as severe as alleged." *Volley v. Astrue*, CIV.A. 1:07-CV-0138A, 2008 WL 822192, at *21 (N.D. Ga. Mar. 24, 2008) (citations omitted). Next, the ALJ focused on Felkins's conservative treatment, noting

> Dr. [Thomas W.] Montgomery noted in January 2008 that [Felkins] was taking more than the prescribed amount of Lortab, but he did not increase her dosage, but rather told [Felkins] to keep taking it only at the rate of one-half to one pill per day. This record indicates Dr.

> Montgomery did not find [Felkins's] impairment warranted more medication for pain. [R. 271.]

(R. 26). This finding is also not in error because "conservative medical treatment … tends to negate [Felkins's] claim of disability." *Sheldon v. Astrue*, 268 Fed. App'x 871, 872 (11th Cir. 2008) (citation omitted). As his third reason, the ALJ focused on the treatment history that showed improvement in Felkins's condition:

> Despite [Felkins's] allegations of disabling pain, the record shows she told Dr. Swader on July 1, 2008 that her pain had improved to the extent she was taking only one-quarter of a Lortab pill per day. [R. 291.] … She also reported that she was doing some stretching exercises that helped. She denied weakness and radicular symptoms ….

(R. 27).[3] Finally, the ALJ also gave great weight to consultative examiner Dr. Will Crouch's report[4] that Felkins could frequently lift/carry 10 pounds, occasionally lift/carry 20 pounds, sit for eight hours in a workday, stand for four hours in a workday, and walk for two hours in a workday, (R. 371-372). (R. 28). As the ALJ correctly noted, Dr. Crouch's assessment directly contradicts Felkins's allegations of disabling pain.[5]

---

[3] The ALJ also stated that Felkins "reported improvement in her pain to Dr. Montgomery in August 2008." *Id.* However, Dr. Montgomery actually stated that Felkins "had been doing relative well on her shoulder but not lately" but noted that Felkins hadn't "been taking much Lortab for" the pain. (R. 330). Regardless, this mischaracterization does not negate the other substantial evidence supporting the ALJ's determination.

[4] Felkins does not challenge the ALJ's decision to give Dr. Crouch's findings great weight, and the court finds that this decision was supported by substantial evidence.

[5] Notwithstanding Dr. Crouch's assessment, "in order to give [Felkins] the benefit of the doubt regarding her complaints," (R. 28-29), the ALJ found Felkins had a more restrictive RFC than indicated in Dr. Crouch's opinion.

Ultimately, contrary to Delay's contentions, evidence supports the ALJ's decision to discredit Felkins's allegations.[6] In addition to the inconsistencies in Felkins's allegations, the conflicting medical evidence in the record provided further support for the ALJ's credibility determination. Therefore, this court will not "substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## VI. Conclusion

Based on the foregoing, this court concludes that the ALJ's determination that Felkins is not disabled is supported by substantial evidence and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. The court will enter a separate order to that effect simultaneously.

**DONE** the 11th day of August 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[6] Felkins does not address the reasons cited by the ALJ to discredit her pain testimony. Instead, Felkins summarizes the medical evidence that supports her subjective allegations and the limitations what would be imposed by those allegations. *See generally* doc. 6. These contentions are unavailing, however, because this court does "not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Moreover, "[e]ven if … the evidence preponderates against the [Commissioner's] decision, [the court] must affirm if the decision is supported by substantial evidence." *Id*. (citations omitted).